*349
 
 Pearson, J.
 

 This was case for slanderous words. The defendant said of the plaintiff: “ He saw her and Eli Low-rance apparently come from the same place out of the bushes, along Mrs. Sharpe’s lane, about one hundred or two hundred yards Irom the house, in a stooping position; they must have been down at it, or he would have seen them ^sooner, for he was in ten or fifteen steps of them before they saw him, and the fence was low, and the bushes were low. There had been old reports, but he had never seen any thing amiss and knew nothing against her, until now. They looked just like a man and his wife, if any body was to come along and catch them at it. The plaintiff had said that, on that occasion, she was looking for a turkey’s nest; but if she had looked behind her, she would have found the turkey’s nest. They were the worst confused people he ever saw — they were confused to death. The plaintiff’s face looked like it would light a torch, it was so red. If it ever came to a suit he would make Abner, swear hard. He did know things against her, and on oath he would be obliged to tell it. He was now done with'her, and he would stop his daughters from school — they should not associate with her any more.”
 

 The defendant relied on the plea of justification, and
 
 “
 
 offered some evidence on that plea; and then proposed to prove an act of illicit intercourse between the plaintiff and Eli Lowrance, at another time and place from that charged in the declaration, under his plea of justification. This evidence the Court rejected; and for this the defendant excepts.” The other exceptions are clearly against the defendant, and are not debatable ; so it is unnecessary to state them.
 

 The jury found for the plaintiff, damage $500, judgment, •and the defendant appealed.
 

 The defendant, in the words of his bill of exceptions, having offered some evidence, under the plea of justification, •then .proposed to .prove an act of illicit intercourse between
 
 *350
 
 the plaintiff and Eli Lowrance at
 
 another time and place,
 
 from that charged. In other woi’ds, having failed to prove, that the plaintiff was guilty of the
 
 particular offence,
 
 with which he had charged her, he offered to prove, that she was guilty oí a
 
 like
 
 offence with the same man. This, lie was not at liberty to do. The question is settled;
 
 Walters
 
 v
 
 Smart,
 
 11 Ire. 315. “ When the charge is
 
 particular,
 
 and the defendant at the time he speaks the words, selects a specified offence,
 
 he is
 
 bound by it, and his plea must rest on that particular matter.” The principle is, the defendant in a plea of justification must aver, and must prove,
 
 the
 
 identical offence; and when any circumstance is stated, which is descriptive of, and identifies the' offence, it must be averred and proved, for the purpose of showing, that it is the same offence. Accordingly, it was held in that case, that, although, whether A. or B. be the man, forms no part of the essence of the offence, and is not material in regard to the guilt of the plaintiff, still, if, by way of describing the offence, A. is named as the man, an act with A. must be averred and proved.
 

 Upon this' principle, a charge, that C. passed to A. a counterfeit
 
 two
 
 dollar
 
 South Carolina
 
 bill, is not sustained by proof, that he passed to A. a counterfeit
 
 thirty
 
 dollar
 
 Virginia
 
 bill: that C. committed perjury on a trial at
 
 Mor-ganton
 
 in a suit between A. and B., is not sustained by proof, that he committed perjury on trial at
 
 Salisbury
 
 in a suit between A. and B.: that C. stole the
 
 black horse
 
 of A., is not sustained by proof, that he stole the
 
 white mare
 
 of A. These circumstances are descriptive, and, unless they be proven, it is not the same offence. It is merely an of-fence of the same kind. If the * “ ear marks” are given, they must be proven.
 

 The defendant in this casé gives, then, other descriptive circumstances, besides naming the man, place, time.— £i There had been old reports, but he had never seen any thing amiss,
 
 until zlqw”
 
 So it was-recent in point of time
 
 *351
 
 —but a few days at farthest, and the circumstance, that he was an
 
 eye witness, almost saw
 
 them in the very act» Thpre are authorities inquiring each of these circumstances to be averred in the plea, and, of course, to be proven;
 
 Craft
 
 v
 
 Boiie,
 
 1 Sanders’ Rep. 242. The words were, “he stole two hundred pounds worth of plate
 
 out of Wadham College.”
 
 The plea, (drawn by Sanders) sets out, “ he, the said Joseph Craft, three ounces of silver plate of the goods and chattels of the warden, fellows, and scholars of the College, called Wadham College, in the University and City of Oxford, in the county of the same city, at the said city of Oxford in the county of the said city,
 
 within the said college,
 
 found, feloniously, and as a felon, stole, took and carried away.” Sergeant Williams, in his note, says; This plea of Justification seems to be properly pleaded. It confesses the speaking of the
 
 words alleged
 
 in the declaration, but says, the plaintiff was guilty of a felony, and specifies the nature of it, together with the
 
 time
 
 when, and the
 
 place
 
 where, the plaintiff committed it; so that the plea alleges the plaintiff to be guilty of that species of felony, which the defendant charged him with ; and, therefore, the plaintiff may come prepared to answer and disprove it at the trial.” In
 
 Upshur
 
 v
 
 Betts,
 
 Cro. J. 678, the words were, “ he
 
 is
 
 a bankrupt.” The words wrere spoken the first of April, in the 17th year of James, 1st. The plea averred, that the plaintiff
 
 was
 
 a bankrupt on the 15th of April, in the year of the same reign. Held, ill. The Court remark, “ from that is averred, he may
 
 now he
 
 a good merchant.” There,
 
 time
 
 was material, and it was necessary to aver and prove it; otherwise, the charge made was not shown to be true ; 3
 
 Chitty’s
 
 Pleading, 1040, is this precedent, words: “ I saw the ship,” and the scaff of the keelson was open, so that I could put my four fingers in edgeways.” Plea : “ be* fore speaking the words — to wit, at &c,” (venue,) “he, the said defendant,
 
 had seen
 
 the said ship, apd the scaff of the keelson of the said ship was open, so that he, the said de
 
 *352
 
 fend ant, could put his four fingers in edgeways.” This is an authority as to the descriptive circumstance of being an eye-witness. But the authorities even require quality and number, when descripitive of the act, to be precisely averred and proved.
 
 Cook on defamation,
 
 78, refers to a case as cited by Starkie — words, “ he has robbed me to a
 
 serious amount.
 
 Plea, he robbed him of a loaf of the value of three pence. The jury found the justification as pleaded, but were directed to give some damages in respect of the words, “ to a serious amount,” which were not justified.”
 
 Johns
 
 v
 
 Gettings,
 
 Cro. Eliz. 239, words, “ thou hast stolen my cloth and half a yard of velvet” — plea, “ he did steal the velvet” — bad, for it did not answer the words, thou hast stolen
 
 my cloth; Tisk
 
 v
 
 Thorowgoord,
 
 Cro. Eliz., 623. The plaintiff and one F. S., under a commission, issued out of Chancery, took and returned the examination of several witnesses — words, “ the plaintiff had returned, as depositions, the examination of
 
 divers
 
 that were never sworn:” plea, “ the plaintiff did return the examination of one F. S., who was never sworn” — upon demurrer, adjudged, no good justification, because it is of one witness only, whereas the charge was placed in the plural number.” The authorities, then, sustain the position, that the defendant must aver in his plea, and prove,
 
 the very charge.
 
 As it is said, in
 
 Walters
 
 v
 
 Smart: “
 
 This is obviously right, because, having, for the sake of giving point and force to his charge, gone into particulars, and having had the advantage of thereby making his accusation the more plausible, he has no right to complain, that he is not allowed to make a departure and run over the plaintiff’s whole life to see, if there be no shame in it.” If a woman some twenty years ago, had Tallen into error, but had since atoned for it, as far as was in her power, by an irresponsible life,, and it be said of her, “ many years ago she was guilty of fornication:” although the allusion be prompted by a cruel and malicious spirit, she must submit; for, it is true ; and it may be, if it
 
 *353
 
 be said, “ she
 
 is
 
 an unchaste woman,” she must submit, (although probably it would come under the case of
 
 Upshur
 
 v
 
 Betts.)
 
 But, if it be said, “she was caught last night in A’s
 
 bed room,
 
 and they were in bed ‘
 
 at it’,”
 
 the slanderer cannot protect himself by proving her former guilt, although it may happen to have been committed with A.; because he has made a
 
 particular
 
 charge and must prove
 
 it,
 
 or stand convicted of falsehood. The bare suggestion, that such a plea can justify such a charge, shocks common sense.
 

 It is said, if this strictness is required in proving the particulars, which are descriptive of the offence, the plea never can be made out, as a few hundred yards, in reference to place, and a day, in reference to
 
 time,
 
 would be fatal.
 

 It is true, this plea is not favored; but, when other descriptive circumstances are proven, so as to show clearly,, that it is the offence charged, a slight variance in some of the other circumstances, which may be ascribed to mistake, would not be fatal. Like all questions of identity, the en-quiry would be, does the proof establish it ? notwithstanding a mistake in a part of the description, as if the place was a few hundred yards from the lane, or it was Saturday night, instead of Sunday night, or the man turned out tobe B. instead of A, in the case above supposed, the mistake being accounted for by the fact, that it was in the bed-room of A.
 

 It is so usual for time and place to be laid as a mere formal part of the pleading, where they are not material, and need not be proven as laid, and ought to be set out under a “
 
 videlicit,”
 
 that we are apt to fall into error in regard to them, and look upon them as immaterial, when, in truth, they are material, as forming a part of the description, and must be averred and proved with as much certainty, as. any other part of the description — for this reason, a full extract was taken from Sanders, as an instance where “ the place” was material. The plate was alleged to have been
 
 *354
 
 stolen
 
 out of Wadham College.
 
 The place there indenti-fied the offence, and it is not put under a
 
 videlicit,
 
 as an or* dinary venue, but is specially
 
 stated.
 
 This, it will be remarked, was after 17 Car. ii. Ch. 8, dispensed with a particular venue, and it was sufficient to lay “ the county,” for the purpose of an ordinary Venue, where place was not material. But, if the place was material, it was specially laid, as in that case. So, in trespass for an assault and battery, laying the venue in the county of Burke, if the defendant justifies, as Sheriff of the county of Iredell, under an execution, his plea must aver, that the act was done in Iredell, at a certain time, when the execution was in force, and traverse the venue and time formally laid in the declaration» because time and place are made material by the plea.
 

 It is said that a variance in the proof of the words charged in this case, in reference to time and place, would be fatal. That is merely stating the same question in a different way.
 

 ' If time and place be materia], as a part of the description, the proof must con’espond with the words as laid. It may be that, where the words charged are general, proof of words, in which the charge is made with more particulars, would not be a fatal variance, because the defendant is benefitted by being let into a more general plea. But where the words charged go into particulars, and time and place are descriptive, as in the case of the bed-room before supposed, the proof of words, in which the charge is made in general terms, would be a fatal variance, as, in that case, if the words proven were, that the defendant said, “the plaintiff and A were caught at it”; for, in such a case, the defendant would, by making the charge, as set out in the declaration, a particular one as to the
 
 bed-room,
 
 and night time, be taken at a disadvantage in regard to his plea.
 

 It is not necessary to consider, whether the words in reference to
 
 Abner
 
 import a general charge, and so would have let in a more general plea; because, the point is not made by the bill of exceptions, and such a plea would still
 
 *355
 
 have left the particular charge unanswered; and the verdict must have been for the plaintiff.
 

 Past Curiam. Judgment affirmed.